UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE ROWE, | ) | 1:09-cv-02051-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING AS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| HERNANDEZ, Warden, | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 4, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7).

In the petition filed on November 12, 2009, Petitioner challenges his October 1997 conviction in Kern County Superior Court and his subsequent twenty-five-year-to-life sentence. (Doc. 1, p. 1). A review of the Court's dockets and files, as well as Petitioner's own allegations, however, show Petitioner has previously sought habeas relief with respect to this same conviction.[1] In case number 1:01-cv-05245-JKS, petitioner's challenge to this same conviction was denied on the

---

[1] The Court takes judicial notice of the docket in case no. 1:01-cv-5425-JKS. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

merits on April 14, 2004 and judgment entered the following day. (Docs. 14 & 15 for case no. 1:01-cv-05245-JKS). The Court's records indicate that, following Petitioner's filing of a notice of appeal of the order of denial, the United States Court of Appeals for the Ninth Circuit, on July 23, 2007, affirmed the district court's denial of the petition. (Doc. 26 for case no. 1:01-cv-05245-JKS).

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). The Court has compared its files in case number 1:01-cv-05245-JKS and those of the instant petition, and has concluded that they challenge the same conviction. Petitioner's own sworn allegations in the instant petition also support this

conclusion. (Doc. 1, p. 2). Thus, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(1).[2] That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first request leave to do so with the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3).

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability

---

[2] In the prior case, Petitioner raised the following issues regarding his 1997 conviction: (1) a jury instruction denied him due process because it failed to instruct on intent; (2) he received ineffective assistance of counsel; (3) an impermissible suggestive eyewitness identification denied him due process; and (4) he was denied due process, the right to confrontation, and equal protection when the trial court excluded evidence of a statement made by Petitioner. (Doc. 13 for case no. 1:01-cv-5425-JKS; Doc. 1, p. 2). In this petition, Petitioner raises two issues: (1) the trial court imposed an illegal sentence; and (2) ineffective assistance of counsel in failing to raise the issue of an illegal sentence. (Doc. 1, p. 3).
Since at least one and possibly both issues in the instant petition are "new," then the Ninth Circuit would have to determine whether 1) the claims rest on a new, retroactive, constitutional right or 2) the factual bases of the claims were not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). As discussed above, however, that is an issue for the Ninth Circuit, not this Court.

1  when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §
2  2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists
3  could debate whether (or, for that matter, agree that) the petition should have been resolved in a
4  different manner or that the issues presented were 'adequate to deserve encouragement to proceed
5  further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880,
6  893 (1983)).

7  In the present case, the Court finds that Petitioner has not made the required substantial
8  showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.
9  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal
10 habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.
11 Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as a second or successive petition;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 27, 2010**                        /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE